UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1856 PSG (RZx) | Date | May 6, 2008 |
|---|---|---|---|
| Title | Sizzler USA Franchise Inc. v. Advanced Home Care Medical Supply, Inc. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                                  Not Present

**Proceedings:**    **(In Chambers) Order GRANTING Plaintiff's Motion for Preliminary Injunction**

Before this Court is Plaintiff's Motion for Preliminary Injunction. The Court held a hearing on the matter on May 5, 2008.[1] After considering the moving and opposing papers, as well as oral argument, the Court GRANTS Plaintiff's Motion.

I.    BACKGROUND

Plaintiff Sizzler USA Franchise Inc. ("Sizzler") owns, either directly or by assignment, certain federally registered service marks and trademarks (hereinafter the "Marks"). (Comp. ¶ 9.) On or about May 23, 1964, Sizzler's predecessor-in-interest entered into a written agreement (the "License Agreement") with Peter and Adelke Rawley (non-parties) for the limited right to operate a Sizzler franchise. The License Agreement was assigned and transferred several times, most recently to Defendant Advanced Home Care Medical Supply, Inc. ("Advanced") on May 16, 2006. (Id. ¶ 13; Ex. B.) On January 31, 2006, Defendant Lawrence James Afaha ("Afaha")

---

[1] At the hearing, individual Defendant Lawrence James Afaha ("Afaha") appeared purportedly on behalf of himself and Defendant Advanced Home Care Medical Supply, Inc. ("Advanced"). However, because corporate defendants cannot appear *pro per*, see *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-974 (9th Cir. 2004), the Court considered Afaha's appearance as on behalf of himself only, and not on behalf of Advanced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1856 PSG (RZx) | Date | May 6, 2008 |
|---|---|---|---|
| Title | Sizzler USA Franchise Inc. v. Advanced Home Care Medical Supply, Inc. *et al.* | | |

executed a written, personal guaranty ("Guaranty"), unconditionally guaranteeing the obligations of Advanced under the License Agreement. (Id. ¶ 14; Ex. C.)

On May 8, 2007, Sizzler mailed a notice of default to Advanced, to the attention of Afaha. (Id., Ex. D.) The notice identified several defaults in monetary obligations owed by Advanced, including $8,3321.72 owed in royalties, and informed Defendants that the store's cleanliness and quality of service failed to meet minimums set by Sizzler. (Id. ¶¶ 16-18; Ex. D.) Despite repeatedly assuring Sizzler that they would operate store in compliance with Sizzler's health and safety standards, Defendants continued to violate the standards, including failing to properly clean food surfaces, failing to monitor temperature of foods in the Store, failing to note the date when new products were opened, failing to use and replace plastic gloves when handling food, and failing to purchase groceries from approved vendors. (Becker Dec., ¶¶ 2-4, Ex. 7.) Based on these violations, on January 24, 2008, Sizzler mailed to Advanced a Final Notice of Termination pursuant to Article VIII of the License Agreement. According to the Notice, Defendants "failed to pay royalties in the aggregate amount of $17,402.29," failed to pay "National Product Marketing Fund charges in the aggregate amount of $4,325.60," failed to pay "Los Angeles Regional Advertising Fund charges in the aggregate amount of $34,194.44," and noted "unacceptable" operational performance at the restaurant. (Id., Ex. E.)

On March 19, 2008, Sizzler filed a complaint against Defendants alleging (1) federal trademark infringement; (2) breach of license agreement; and (3) breach of guaranty. The following day, Sizzler filed an ex parte *application for a temporary restraining order ("TRO") and issuance of order to show cause* re preliminary injunction. The Court denied the TRO, but set the hearing on the preliminary injunction, now before the Court. Sizzler seeks a preliminary injunction enjoining Defendants from the unauthorized operation of their Sizzler restaurant, and from using Sizzler's registered trademarks and service marks.

II.     LEGAL STANDARD

"A plaintiff is entitled to a preliminary injunction in a trademark case when he demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor." *Brookfield Communications, Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036, 1046 (9th Cir. 1999) (quoting *Sardi's Restaurant Corp. v. Sardie,* 755 F.2d 719, 723 (9th Cir. 1985).

III.    DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1856 PSG (RZx) | Date | May 6, 2008 |
|---|---|---|---|
| Title | Sizzler USA Franchise Inc. v. Advanced Home Care Medical Supply, Inc. *et al.* | | |

    A.    <u>Probable Success on the Merits</u>

To show probability of success in a trademark infringement action, a plaintiff must establish that the defendant is using a mark confusingly similar to its own, which it began using earlier. *See AMF Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348 (9th Cir. 1979). Or, as the court in *Brookfield* stated, "because we are at the preliminary injunction stage, [the plaintiff] must establish that it is likely to be able to show . . . a likelihood of confusion." *Brookfield,* 174 F.3d at 1052 n.15 (citing *Sardi's Restaurant*, 755 F.2d at 723). In a traditional trademark infringement suit, the court determines the likelihood of confusion according to the eight factors established in *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348-49 (9th Cir. 1979).

In a dispute between a licensee and licensor, however, the inquiry is different since the marks are identical. *Robert Trent Jones II, Inc. v. GFSI, Inc.*, 537 F.Supp.2d 1061, 1065 (N.D.Cal. 2008). Thus, "[w]here a licensee persists in the unauthorized use of a licensor's trademark, courts have found that the continued use alone establishes a likelihood of consumer confusion." *Sun Microsystems v. Microsoft Corp.*, 999 F.Supp. 1301, 1311 (N.D.Cal. 1998) (citing *Paisa, Inc. v. N & G Auto, Inc.*, 928 F.Supp. 1009, 1012 n. 4 (C.D.Cal. 1996); *Hollywood Athletic Club v. GHAC-CityWalk*, 938 F.Supp. 612, 614-15 (C.D.Cal. 1996)).

In the present case, Sizzler has demonstrated a likelihood of success of establishing a likelihood of confusion caused by Defendants' continued and unauthorized use of the Sizzler Marks. The evidence shows and Defendants concede that Sizzler terminated the Licensing Agreement on January 24, 2008. (Comp., Ex. 5; Response at 2.) Sizzler also asserts, and Defendants do not dispute, that although the Notice of Termination became effective 24 hours from its receipt, Defendants continue to operate the restaurant using Sizzler's marks. (Motion at 5; Espiritu Dec., ¶ 14.) Therefore, Defendants' use of the Sizzler Marks falsely implies that their restaurant is affiliated with Sizzler.

Defendants, however, appear to contend their efforts to sell the restaurant excuse its obligations under the License Agreement. Prior to the termination of the License Agreement, Defendants informed Sizzler that they were trying to sell the restaurant. Due to Sizzler's right to approve the successor licensee, Sizzler required Defendants to submit extensive information concerning the buyer, including the Franchise Application and financial documents. As a result Sizzler explicitly advised Defendants not to open an escrow account until the assignee was approved by Sizzler. While Defendants claim that escrow opened on November 3, 2007, they have not provided Sizzler any evidence of this. More importantly, Defendants have failed to present any evidence that they are not using the Sizzler Marks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1856 PSG (RZx) | Date | May 6, 2008 |
|---|---|---|---|
| Title | Sizzler USA Franchise Inc. v. Advanced Home Care Medical Supply, Inc. *et al.* | | |

B.  Irreparable Harm

Irreparable injury in a trademark infringement claim may generally be presumed from a showing of likelihood of success on the merits. *See GoTo.Com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1205 n. 4 (9th Cir. 2000) (citation omitted). Indeed, the loss of control over one's mark at the hands of the licensee "is the very thing that constitutes irreparable harm in the licensing context." *Hollywood Athletic Club,* 938 F.Supp. at 615 (citations omitted). Because Sizzler has demonstrated a sufficient likelihood of establishing consumer confusion, it is entitled to a presumption of irreparable harm.

IV.  CONCLUSION

For the reasons set forth above, Sizzler's Motion for a Preliminary Injunction is hereby GRANTED. Plaintiffs are to submit a proposed preliminary injunction order within one (1) day of the date of this order.

Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post bond in the amount of $5,000 for the payment of such costs and damages as may be suffered by Defendants if they are found to have been wrongfully enjoined.

IT IS SO ORDERED.

_____ : _____
Initials of Preparer _____